**Opinion filed January 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00168-CR

_____

## LUPE ROCHA ROJAS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 5967**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating appellant's guilt. Appellant originally pleaded guilty to the offense of burglary of a habitation. Pursuant to a plea bargain, the trial court deferred the adjudication of appellant's guilt and placed him on community supervision. The State subsequently filed a motion to adjudicate. The trial court revoked appellant's deferred-adjudication community supervision, convicted appellant of the offense of burglary of a habitation, and assessed punishment at confinement for twenty years. We affirm.

In his sole issue on appeal, appellant argues that the evidence is insufficient to show that he committed the offense of burglary of a habitation on the date alleged in the indictment. The indictment, which was presented in April 2004, alleged the offense was committed on November 28, 2003. The date indicated in the stipulation of evidence was November 28, 2004, rather than 2003. The original order deferring the adjudication of appellant's guilt shows that appellant pleaded guilty and that the date of the offense was November 2003, as alleged in the indictment.[1]

In an appeal from a judgment adjudicating guilt, an attack on the original plea of guilty and judgment deferring the adjudication of guilt is prohibited unless the judgment is void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). Neither the trial court's order deferring the adjudication of guilt nor the subsequent judgment adjudicating appellant's guilt in this case is void. *See id.* at 668 n.14. Appellant's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


January 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]We note that this case was submitted on the clerk's record alone due to appellant's fault – failing to designate or make arrangements to pay for the reporter's record – and that appellant was given an opportunity to cure but failed to do so. *See* TEX. R. APP. P. 37.3.